IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02699-BNB

OMAR RAMIREZ,

    Applicant,

v.

SUSAN JONES, Warden, CCF - South,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 8 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER

---

This matter is before the Court *sua sponte*. Applicant, Omar Ramirez, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Centennial Correctional Facility in Canon City, Colorado. Mr. Ramirez initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee.

On November 10, 2010, the Court directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Respondent has not yet filed a Preliminary Response.

On November 12, 2010, Mr. Ramirez filed a *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to § 2254 and a letter to the Court. In the letter, Mr. Ramirez states that he "inadvertently filed a 28 U.S.C. 2241 in place of an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254" and requests that the Court

accept the § 2254 Application instead of the § 2241 Application.  However, having

reviewed both Applications, the Court finds that Mr. Ramirez's claims are properly

asserted pursuant to 28 U.S.C. § 2241.  This is because Mr. Ramirez's claims call into

question the execution, and not the validity, of his sentence.  *See Montez v. McKinna*,

208 F.3d 862, 865 (10th Cir. 2000).  More specifically, Mr. Ramirez challenges the

procedures used at an administrative segregation hearing, and seeks release from

administrative segregation, in addition to restoration of good time credits.

Mr. Ramirez cannot obtain relief under 28 U.S.C. § 2254, which is reserved for

challenges to the validity of a state prisoner's underlying criminal conviction.  Therefore,

the Court will disregard the Amended Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2254 filed on November 12, 2010.  In keeping with the November 10

Order to File a Preliminary Response, Respondent is directed to file a Preliminary

Response that addresses the claims asserted in the Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 filed by Mr. Ramirez on November 4, 2010.

Accordingly, it is

ORDERED that the Court will disregard the Amended Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed on November 12, 2010 (Doc. # 6).

It is

FURTHER ORDERED the Respondent shall file a Preliminary Response that

addresses the claims raised in the Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2241 filed on November 4, 2010 (Doc. # 1).

2

DATED November 18, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02699-BNB

Omar Ramirez
Prisoner No.  107608
Centennial Corr. Facility
P.O. Box 600
Cañon City, CO 81215-0600

Susan Jones, Warden
c/o Keith Nordell
Colorado Department of Corrections
Office of Legal Affairs
**DELIVERED ELECTRONICALLY**

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Paul Sanzo, Asst.  Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**


        I hereby certify that I have mailed a copy of the ORDER to the above-named
individuals on  11|18|10  .

                                                GREGORY C. LANGHAM, CLERK


                                        By: _____
                                                        Deputy Clerk