IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-02699-ZLW-KLM

OMAR RAMIREZ,

        Applicant,

v.

SUSAN JONES, Warden, CCF- South

        Respondent.

## ORDER

The matter before the Court is Applicant Omar Ramirez's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Application) (Doc. No. 1). The Application has been briefed and oral argument would not assist the Court in its adjudication.

**I.     BACKGROUND**

Applicant is a prisoner serving a sentence of life without parole in the Colorado Department of Corrections (DOC). Until August of 2010, Plaintiff was incarcerated in the general population at the Sterling Correctional Facility (SCF). On August 5, 2010, Applicant was served with a Notice for Administrative Segregation Hearing (Notice), informing Applicant that "[i]nformation gathered by SCF Intel, supports cause for initiating [his] placement in administrative segregation. Intel has provided confidential information indicating that [Applicant] is complicit with introducing contraband

(dangerous drugs) into the Sterling Correctional facility."[1]  The summary section of the Notice stated that a hearing was set for August 11, 2010, and that Applicant should contact the classification chairperson as soon as possible if he desired witnesses or a representative at the hearing.[2]

A hearing went forward at SCF on August 11, 2010.  Applicant was asked at the outset of the hearing whether he wanted a staff representative to help him during the hearing, and Applicant said no.[3]  Applicant did not call any witnesses at the hearing. The hearing officer read the summary section of the Notice to Applicant, and stated that the confidential report from the Intel department "indicates that you are in a position of authority in this particular incident and although you were never directly involved in having your hands on drugs that drugs were being introduced into the facility under your authority."[4]  Applicant denied all of the allegations, stating that he was not guilty of any of the charges and had nothing to do with the incident.[5]  At the conclusion of the hearing, the hearing officer determined that Applicant should be placed in administrative segregation.[6]  The SCF Warden affirmed that decision on August 12, 2010.[7]  Applicant

---

[1] Doc. No. 16-1 at 5 of 8.

[2] Id.

[3] Doc. No. 16-2 at 3 of 11.

[4] Id. at 5 of 11.

[5] Id. at 8 of 11.

[6] Id. at 9-10 of 11.

[7] Doc. No. 16-1 at 4 of 8.

filed an internal agency appeal, which was denied by the Administrative Head on September 11, 2010.[8]

Applicant filed the present Application on November 4, 2010.  Applicant's first claim alleges that his Fourteenth Amendment right to due process was violated during the classification hearing because the hearing officer's decision was based on evidence given by a confidential informant which was not disclosed to Applicant.  In his second claim, Applicant alleges that his Sixth Amendment right to confront the witnesses against him was violated during the classification hearing.  Applicant's third claim alleges that Applicant's Fifth Amendment right to due process was violated during the classification hearing based on the same allegations set forth with respect to his first claim.  As relief, Applicant seeks immediate release from segregation, expungement of the segregation order, and restoration of all things taken from him including his prison job and wages as well as his earned and good time credits.

## II.   LEGAL STANDARDS

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[9]  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison

---

[8] Doc. No. 16-1 at 3 of 8.

[9] McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).

conditions."[10]  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ."[11]

Because Applicant is proceeding *pro se,* the Court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[12]  However, the Court will not act as Applicant's advocate.[13]

## III.   ANALYSIS

"An application for habeas relief may be granted only 'when the remedy requested would result in the prisoner's immediate or speedier release from confinement.'"[14]  As Respondent admits, an inmate's placement in administrative segregation affects his eligibility for earned time credits, and earned time credits can reduce the time that an inmate must serve on his sentence.  However, "due process under the United States Constitution protects against deprivation of earned-time credits only if [the applicant] has a protected liberty interest in those credits.  And he has no such interest because the award of earned-time credits is within the discretion of prison

---

[10]Hernandez v. Davis, 2008 WL 2955856, *7 (D. Colo. July 30, 1998).

[11]Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

[12]Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).

[13]Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[14]Frazier v. Jackson, 2010 WL 2650583, *2 (10th Cir. July 2, 2010) (quoting Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005)).

authorities."[15]  Accordingly, Applicant cannot base his habeas claim on any loss of eligibility for earned time credits.[16]

The Colorado Supreme Court has held that good time credits "were only intended to establish the mandatory date of release on parole."[17]  Thus, when "the inmate's actual time served, presentence confinement credit, and good time and earned time credits equal or exceed the sentence imposed, he is not entitled to an unconditional release, but rather has earned the right to be considered for parole."[18]  The Court is bound by the Colorado Supreme Court's construction of state law on this habeas application.[19]  Here, Applicant is serving a sentence of life without parole.  Thus, the return of any lost good time credit would not entitle him to a speedier release.  As a result, habeas relief is not available to Applicant.

The Court is aware that Applicant strenuously denies the charges brought against him in the prison administrative proceedings and that he objects to the use of confidential information in those proceedings that was not disclosed to him.  However, because habeas relief under 28 U.S.C. § 2241 is only available "'when the remedy requested would result in the prisoner's immediate or speedier release from

---

[15] Id. at *811.

[16] See id.

[17] Bynum v. Kautzky, 784 P.2d 735, 739 (Colo. 1989).

[18] Jones v. Martinez, 799 P.2d 385, 387-88.  (Colo. 1990).

[19] See Hawkins v. Mullin, 291 F.3d 658, 662-63 (10th Cir. 2002).

confinement,'"[20] and the relief requested by Applicant would not result in his immediate or speedier release, Applicant's habeas Application must be denied.

Accordingly, it is

ORDERED that the Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Doc. No. 1) is denied and this civil action hereby is dismissed with prejudice, the parties to pay their own costs and attorney's fees. It is

FURTHER ORDERED that a certificate of appealability should not issue because Applicant has not made a substantial showing of the denial of a constitutional right. "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Applicant is not entitled to a certificate of appealability. It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58.

DATED at Denver, Colorado, this 23rd day of February, 2011.

BY THE COURT:

*[signature: Zita Leeson Weinshienk]*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[20]Frazier, 2010 WL 2650583 at *2 (quoting Boutwell, 399 F.3d at 1209).